UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERENCE BERNARD BEASLEY JR., | Case No. 2:25-cv-03247-DC-CSK (PS) |
| Plaintiff, | |
| v. | PRETRIAL SCHEDULING ORDER |
| UNITED STATES DEPARTMENT OF THE AIR FORCE, BEALE AIR FORCE BASE FOIA OFFICE, | |
| Defendants. | |

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES, INCLUDING THOSE PROCEEDING WITHOUT COUNSEL, MUST COMPLY. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS.

After considering the parties' joint status report (ECF No. 17), the Court issues the following pretrial scheduling order.

I.      NATURE OF THE CASE

The following summary of the case comes from the parties' joint status report: "Plaintiff Terence B. Beasley Jr. brings this action under the Freedom of Information Act, 5 U.S.C. § 522 et seq., as amended ('FOIA'), against Defendant United States

1

Department of the Air Force ('Defendant') for allegedly failing to provide a verbatim transcript of Plaintiff's administrative discharge board hearing that was requested through FOIA requests." (ECF No. 17 at 1.)

## II.    SERVICE OF PROCESS, JOINDER OF PARTIES, PLEADINGS AMENDMENT

Defendant has been served. (ECF No. 4.) On January 30, 2026, Defendant answered the Complaint. (ECF No. 9.) On March 5, 2026, Plaintiff filed the First Amended Complaint. (ECF No. 12) ("FAC"). Although the FAC was untimely filed and Plaintiff did not seek leave of court or the opposing party's written consent to file the FAC, *see* Fed. R. Civ. P. 15(a), the Court accepted the FAC as the operative complaint in this action. 3/16/2026 Minute Order (ECF No. 16). Defendant answered the FAC on April 13, 2026. (ECF No. 18.)

Although Plaintiff named Beale Air Force Base FOIA Office in the original Complaint as a defendant (ECF No. 1 at 2), the FAC names only the United States Department of the Air Force as a defendant. FAC at 2. Accordingly, the Court DISMISSES Defendant Beale Air Force Base FOIA Office. No further service, joinder of parties, or amendments to pleadings is permitted except with leave of Court, and only after good cause is shown.

## III.    JURISDICTION/VENUE

The parties state that the Court has federal question jurisdiction under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* (ECF No. 17 at 2), which is found to be proper. Venue is proper and undisputed. (*Id.*)

## IV.    DISCOVERY DEADLINES

In the parties' joint status report, the parties do not request taking discovery or the imposition of any discovery-related deadlines. (*See* ECF No. 17.) Instead, "the parties agree that the case should be resolved on cross-motions for summary judgment without need for trial or fact finding by the Court." (*Id.* at 2.) Because this case is brought under the Freedom of Information Act, will be resolved on cross-motions for summary judgment, the parties do not request taking discovery, and based on the district court's

"wide latitude in controlling discovery," discovery is stayed pending the ruling on the parties' summary judgment motions. *Lane v. Dept. of the Interior*, 523 F.3d 1128, 1134-35 (9th Cir. 2008) (in FOIA and Privacy Act case, affirming district court's deferral of discovery until after resolution of summary judgment) (quoting *White v. City of San Diego*, 605 F.2d 455, 461 (9th Cir.1979) (internal quotations omitted)); *see, e.g., Huene v. U.S. Dept. of the Treasury*, 2012 WL 1681940, at *3 (E.D. Cal. May 14, 2012); *Schulze v. F.B.I.*, 2011 WL 129716, at *2 (E.D. Cal. Jan. 14, 2011); *Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dept. of the Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008).

## V.    MOTIONS

The parties have agreed the case should be resolved on cross motions for summary judgment. Plaintiff's opening summary judgment motion must be <u>filed</u> by **August 21, 2026**.[1] Defendant's opposition and cross motion for summary judgment must be filed by **September 21, 2026**. Plaintiff's reply and opposition must be filed by **October 21, 2026**. Defendant's reply must be filed by **November 13, 2026**. The parties' cross summary judgment motions shall be <u>heard</u> on **December 15, 2026** at 10:00 a.m., in Courtroom 25.

Dispositive motions must be filed following the procedures of Local Rules 230 and 260, and Judge Kim's Civil Standing Orders. Counsel and parties proceeding without counsel should pay particular attention to the rules for Statements of Undisputed Facts for motions for summary judgment, cross motions for summary judgment, and general brief requirements in the Local Rules and Judge Kim's Civil Standing Orders. Judge Kim generally hears civil motions on Tuesdays at 10:00 a.m. This paragraph does <u>not</u> apply to motions for continuances, temporary restraining orders, or other emergency applications, for which the Court may set a special briefing schedule, if necessary or

---

[1]  For cases with pro se parties, the assigned magistrate judge hears all non-dispositive and dispositive pretrial motions, including motions for summary judgment. *See* Local Rule 302(c)(21).

appropriate.

## VI.    SETTLEMENT CONFERENCE

The parties indicate they anticipate entering in settlement negotiations. (ECF No. 17 at 3.) If the parties want to conduct a settlement conference with a magistrate judge, they are to contact the undersigned's courtroom deputy at (916) 930-4187 or awaldrop@caed.uscourts.gov, to inquire as to the availability of another magistrate judge for a settlement conference. Parties should communicate the specific time frame when they would like the settlement conference held.

## VIII.    SCHEDULE SUMMARY

A summary of the schedule is provided below.

| Event | Deadline Ordered |
|---|---|
| Plaintiff's Summary Judgment Motion Filed By | August 21, 2026 |
| Defendant's Opposition/Cross Motion for Summary Judgment Filed By | September 21, 2026 |
| Plaintiff's Reply/Opposition Filed By | October 21, 2026 |
| Defendant's Reply Filed By | November 13, 2026 |
| Cross Motions for Summary Judgment Heard By | December 15, 2026 at 10:00 a.m., Courtroom 25 |

## IX.    MODIFICATIONS OF THIS SCHEDULING ORDER

This case schedule will become final without further order of the Court unless written objections are filed within fourteen (14) days of the entry of this order. The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of Court upon a showing of "good cause." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). Agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause. Requests or stipulations to continue dispositive motion deadlines must establish good

4

cause and are not granted lightly.

Any request or stipulation to modify this scheduling order must set forth the following:

1. the existing due date or hearing date;

2. whether there have been prior requests for extensions, and whether these were granted or denied by the Court; and

3. specific, concrete reasons supporting good cause for granting the extension. For example, if the reason for the requested extension is that it "will promote settlement," the requesting party or parties must indicate the status of negotiation efforts (e.g., whether a mediator has been selected, a mediation has been scheduled, etc.).

Dated:  April 21, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, beas.3247.25.pso

5